NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PURCIELLO AND FRANCES PURCIELLO, | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | OPINION |
| v. | Civil Action No. 2:11-cv-4181 (DMC)(MF) |
| THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiffs John Purcielllo and Frances Purciello (collectively "Plaintiffs") for Attorney's Fees, Litigation Costs and Expenses pursuant to 26 U.S.C. § 7430. Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiffs' Motion is **granted** in the modified amount of $53,307.50

## I. BACKGROUND[1]

This Motion for Attorney's Fees arises from an action brought by Plaintiffs against Defendant United States of America, Department of the Treasury, Internal Revenue Service ("IRS" or "Defendant") to recover tax and other monies that Plaintiffs alleged the IRS had wrongfully withheld.

---

[1] The facts from this section are taken from the parties' pleadings.

1

Mr. Purciello is a licensed engineer who has worked for several businesses, including J.A. Purciello Construction ("J.A. Construction"), Marquis Construction ("Marquis") and FMJ Associates ("FMJ"). Mr. Purciello served as an officer of J.A. Construction and Marquis, but his duties for FMJ were exclusively sales related. The payroll taxes for J.A. Purciello, Marquis and FMJ were not paid for March 31, 1998 and June 30, 1998. On February 2, 2002, the Purciellos filed an amended tax return for the fiscal year 2000, which they said entitled them to a refund of $58,930.

When the Purciellos had not heard from the IRS regarding the status of the 2000 return, they contacted the IRS numerous times, both in writing and by telephone, but continuously failed to receive any information. On December 23, 2002, Mr. K. Gardner of the IRS Taxpayer Advocates office wrote the Purciellos advising them they were due a refund of $41,893.00 for the year 2000, but that this sum was being applied to civil penalties from the year 1998.

On April 3, 2002, the IRS assessed Mr. Purciello with trust fund recovery penalties for the first and second quarters of 1998, due to FMJ's failure to turn over the FICA taxes and Federal income taxes withheld from the wages of FMJ's employees ("1998 TFRP Penalties"). For the first quarter of 1998, the IRS assessed $117,891.78, and for the second quarter of 1998 the IRS assessed $50,401.75.

Over the next few years, the Purciellos and the IRS went back and forth attempting to resolve the tax disputes involving both the 1998 TFRP Penalties as well as an Injured Spouse Claim filed by Ms. Purciello.

On July 7, 2011, Plaintiffs brought the underlying action against Defendant in this Court. On June 5, 2012, both parties filed Motions for Summary Judgment. Plaintiffs conceded that they were not seeking recovery for Mrs. Purceillo's injured spouse claim. Thus, this Court only

addressed the arguments relating to Plaintiffs' recovery for the 1998 TFRP Penalties (the "1998 TFRP Refunds"). Defendant argued Plaintiffs' claim must fail because no administrative refund claim was filed within the limitations period. On January 28, 2013, this Court granted Summary Judgment for Plaintiffs, finding that Plaintiffs made an informal claim prior to the expiration of the statute of limitations through their written and oral communications, specifically in a January 21, 2003 letter sent by Mr. Purciello. Additionally, this Court found that Defendant should be estopped from arguing that Plaintiffs were not entitled to the 1998 TFRP Refunds because Defendant had already accepted the merits of Plaintiffs' position.

Plaintiffs filed the instant Motion for Attorney's Fees on May 3, 2013 (ECF No. 32). Defendant filed an Opposition on May 20, 2013 (ECF No. 36). Plaintiffs filed a Reply on June 10, 2013 (ECF No. 39).

## II.   STANDARD OF REVIEW

Pursuant to 26 U.S.C. § 7430(a)(2), in court proceedings "brought by or against the United States in connection with the determination, collection, or refund of any tax," the prevailing party is entitled to "reasonable litigation costs incurred in connection with such court proceeding." In order to recover attorney's fees, a party must show that: "(1) he is the prevailing party; (2) the award is for 'reasonable' administrative and litigation costs; (3) he has exhausted available administrative remedies within the IRS; and (4) he has not unreasonably protracted administrative or judicial proceedings." Kilraine v. United States, No. CIV. 07-4778, 2010 WL 324523, at *6 (D.N.J. Jan. 20, 2010).

## III.   DISCUSSION

Of the four required elements for the recovery of attorney's fees, Defendants only dispute the first two. These elements will be addressed in turn.

3

## A. Whether Plaintiffs are the "Prevailing Party"

To satisfy the "prevailing party" prong, "the taxpayer substantially must have prevailed regarding the amount in controversy and the most significant issue or set of issues presented" and must meet certain net worth requirements. Id. However, an exception applies if the United States can establish that its position was "substantially justified." 26 U.S.C. § 7430(c)(4)(B). Plaintiffs have the burden of showing that the Government's position "was not justified to a degree that could satisfy a reasonable person or had no reasonable basis both in law and fact." Nicholson v. C.I.R., 60 F.3d 1020, 1025-26 (3d Cir. 1995) (internal quotations and citation omitted).

First, Defendant argues that the fact that Plaintiffs' Complaint originally sought $138,765.11, yet Plaintiffs only recovered $67,531, shows that Defendant was substantially justified in contesting the refund claim. However, just because Defendant may have been justified in seeking to lower the damages amount does not necessarily mean it was justified in arguing that Plaintiffs were not entitled to any funds, as it did when it filed its Motion for Summary Judgment. Further, Plaintiffs *voluntarily* reduced their damages request after they received more complete information from Defendant before the Summary Judgment Motions were even decided.

Second, Defendant argues that its position that Plaintiffs had not filed an informal refund claim was reasonable. Defendant primarily asserts that it was justified in believing that the letter sent by Mr. Purciello on January 21, 2003 was not an informal claim. However, while this Court's Opinion did focus on that letter, this Court also made it clear that it considered all of Plaintiffs' oral and written communications together. Defendant also contends that this Court essentially created new law in granting Summary Judgment for Plaintiffs. (See Def.'s Opp'n at

4

11) ("Prior to this Court's ruling, no other federal court had ever ruled that the taxpayer's burden to state the basis of their refund claim is lowered based on how much they knew at that time ."). The opposite is true - case law shows that it was not reasonable for Defendant to assert that Plaintiffs did not file an informal refund claim. For example, in <u>Barenfeld v. United States</u>, the Court of Claims set forth the following standard:

> It is not necessary that a claim for refund or credit be submitted to the Internal Revenue Service in any particular form. If a taxpayer submits to the Internal Revenue Service some sort of written instrument which informs the administrative agency that the taxpayer believes that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action, this is sufficient.

442 F.2d 371, 374 (Ct. Cl. 1971). <u>See</u> also <u>D'Amelio v. U. S.</u>, 679 F.2d 313 (3d Cir. 1982) (adopting the standard used in <u>Barenfeld</u>). The numerous written and oral communications from the Purciellos prior to the expiration of the statute of limitations, as a whole, clearly fit within this framework. Further, certain authorities in Defendant's Opposition are not applicable to the instant case. For example <u>Stoller v. United States</u>, 444 F.2d 1391 (5th Cir. 1971) pertains to *formal claims*, which are not at issue here. The same problem exists with Defendant's reliance on 26 C.F.R. § 301.6402–2.

Finally, Defendant argues that its contention that equitable estoppel did not bar its defenses was substantially justified. This Court disagrees, as Defendant provided Plaintiffs with a partial refund and thus clearly accepted Plaintiffs' position that they filed an informal claim. Accordingly, Plaintiffs have shown that they were the prevailing party.

## B. Whether the Award is for "Reasonable" Administrative and Litigation Costs

Plaintiffs' Motion seeks $45,751.50 in attorney's fees, pursuant to the statutory limit of $180 per hour in 2011 and 2012 and $190 per hour in 2013.[2] First, Defendant cites twelve time

---

[2] In actuality, the hourly rates for the attorneys who worked on this matter range from $250 to $495 per hour.

5

entries submitted by Plaintiffs and claims that they do not pertain to the litigation in this Court. This Court agrees with Plaintiffs' assertion that the first nine entries all involve the instant litigation, as they reflect communications made from Plaintiffs to the IRS in an attempt to understand the IRS's basis for refusing to provide Plaintiffs with their refund. Plaintiffs concede that the last three entries pertain to both the instant litigation and a matter occurring in tax court. Plaintiffs agree to reduce these entries from 2.2 hours to 1.1 hours. Thus, this Court will reduce Plaintiffs' attorney's fees from $45,751.50 to $45,553.50.

Additionally, Defendant seeks to have this Court reduce Plaintiffs' award by 40% because Plaintiffs made certain concessions during the summary judgment proceedings and ultimately were rewarded about 45% of the amount that they originally demanded in their Complaint. This is not a logical request. Plaintiffs voluntarily made those concessions and reduced their damages request after receiving more complete information from Defendant. Defendant is suggesting that the fact that Plaintiffs reduced their damages request by 45% somehow results in a direct correlation of Defendant being substantially justified in 40% of the underlying litigation. This is untrue because, as discussed above, Defendant's arguments that Plaintiffs never filed an informal claim and that Defendant was not equitably estopped were unreasonable. Further, while Defendant argues that Plaintiffs' fee should be reduced because it succeeded on Plaintiffs' innocent spouse claim, Plaintiffs made it clear that they were not seeking recovery for an injured spouse claim and Defendant conceded in a December 22, 2012 letter that "[p]laintiffs have unequivocally made clear that said injured spouse claim is not at issue in their complaint" (ECF No. 22). Additionally, Defendant asserts that Plaintiffs conceded that they intended to seek the recovery of their administrative costs in the proceeding before this Court. While this is true, Defendant disagreed that the matter should be litigated before this

6

Court and thus the litigation never occurred.

Finally, in their Reply Brief, Plaintiffs request an additional $5,503 in fees incurred from April through June 2013 for the time spent on the instant Motion and on Defendant's Motion for Reconsideration. As Plaintiffs have submitted a detailed affidavit and exhibits to support these additional hours, this Court will grant Plaintiffs' request and increase Plaintiffs' reward from $45,553.50 to $53,307.50.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees, Litigation Costs and Expenses is **granted** in the modified amount of $53,307.50. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: December 9, 2013
Original: Clerk's Office
cc: Hon. Mark Falk U.S.M.J.
All Counsel of Record
File